[No. D052147. Fourth Dist., Div. One. July 14, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
TREVESIA MICHELLE BLOUNT, Defendant and Appellant.

## Counsel

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**IRION, J.**—Trevesia Michelle Blount pleaded guilty to one count of felony child neglect (Pen. Code, § 273a, subd. (a))[1] and admitted an allegation that she personally inflicted great bodily injury on a child under the age of five years in the commission of a felony or attempted felony (§ 12022.7, subd. (d)). As part of the plea, the district attorney dismissed a number of charges, including a first degree murder charge, and agreed to a stipulated sentence of 12 years in prison. The trial court imposed the stipulated sentence.

After Blount's boyfriend and codefendant, Rodney Jeffcoat, was acquitted of the more serious charges against him at trial and was sentenced to less than six years in prison, Blount moved to recall her sentence. (See *People v.*

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*Jeffcoat* (Jan. 14, 2009, D052250) [nonpub. opn.] (*Jeffcoat*)[2]; § 1170.) The trial court held a hearing on the motion. At the conclusion of the hearing, the court concluded that it did not have the authority to alter the terms of the parties' plea bargain and impose something less than the stipulated 12-year sentence. Consequently, the court left Blount's sentence unchanged.

Blount appeals. She contends that the trial court had the discretion to impose a sentence lower than 12 years and asks that we remand the case for the trial court to exercise that discretion. As we conclude that the trial court was correct that it could not impose a sentence other than the 12-year stipulated term agreed to by the parties, we reject this contention and affirm.

## FACTS AND PROCEDURAL HISTORY

On July 23, 2006, Blount and Jeffcoat drove Blount's two-year-old daughter Kenvesia to Kaiser hospital in San Diego. Hospital staff determined that Kenvesia was dead. After an autopsy revealed that Kenvesia had suffered from burns and severe physical beatings, Blount and Jeffcoat were charged with a series of felony offenses, including first degree murder (§ 187) and assault on a child with force likely to produce great bodily injury resulting in death (§ 273a, subd. (b)). (See *Jeffcoat, supra*, D052250.)

On September 10, 2007, Blount entered a negotiated guilty plea. At a hearing on the plea, the trial court recited the terms of the parties' agreement as follows: "In exchange for your guilty plea, the D.A.'s office will dismiss the balance of the charges against you. You and the D.A.'s office agree that you're going to get 12 years in state prison, 6 years on the [section ]273a[, subdivision ](a), plus 6 years consecutive on the [section ]12022.7[, subdivision ](d). And you also agree to testify truthfully if you're called as a prosecution witness." The trial court asked Blount if that was her "understanding of your agreement"; Blount responded, "Yes." A plea form signed by Blount states these same terms of the agreement. The court accepted the plea and set a date for sentencing.

---

[2] Blount requests that we take judicial notice of the proceedings in Jeffcoat's trial and the unpublished appellate opinion in that case. The Attorney General does not oppose the request and, indeed, the Attorney General's brief cites the opinion. We take judicial notice of our own opinion in Jeffcoat's case (*Jeffcoat, supra*, D052250), which contains a statement of the facts of that case and the sentence Jeffcoat received. (See *People v. Marlow* (2004) 34 Cal.4th 131, 149 [17 Cal.Rptr.3d 825, 96 P.3d 126] [taking "judicial notice of the proceedings and our decision in" a related case].) We need not, and do not, take judicial notice of any other portions of the proceedings in Jeffcoat's prosecution as they are irrelevant to the issue in this appeal. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73] ["Although a court may judicially notice a variety of matters (Evid. Code, § 450 et seq.), only *relevant* material may be noticed."].)

After Blount entered her plea, but before her sentencing, Jeffcoat was tried on charges of murder, assault on a child by means of force likely to produce great bodily injury resulting in death and conspiracy to obstruct justice. (*Jeffcoat, supra*, D052250.) At the conclusion of the trial, the jury acquitted on the first two counts, finding Jeffcoat guilty only of certain lesser included offenses. The trial court sentenced Jeffcoat to five years eight months in prison. (*Jeffcoat, supra*, D052250.)

At Blount's sentencing hearing, the trial court noted that Jeffcoat received an "appreciably lesser" sentence than the sentence stipulated in Blount's plea agreement.[3] The court then asked if Blount desired to withdraw her plea. Blount's counsel stated that she did not. The court, stating, "I don't think I have the authority . . . to do anything but follow this plea agreement," then sentenced Blount to 12 years in prison. The court also issued a certificate of probable cause allowing Blount to appeal. (§ 1237.5.)

Prior to her appeal, Blount's appellate counsel moved to recall the sentence under section 1170, arguing that the court did have the legal authority to sentence Blount to a reduced sentence. The trial court held a hearing on the motion. During the hearing, Blount's counsel again emphasized, "She's not asking to withdraw any plea," but rather Blount was requesting to be sentenced under the existing plea agreement to a lesser term. The deputy district attorney argued that the trial court was bound by the terms of the plea.

After hearing the arguments, the trial court agreed with the prosecution that it was bound by the terms of the plea and could not impose a sentence lower than 12 years. The court explained that "the conditions of the plea bargain" include "a stipulated sentence" and, consequently, the court "can't change that, even though Mr. Jeffcoat got less time."

## DISCUSSION

On appeal, Blount raises the same contention she urged unsuccessfully upon the trial court. She contends that remand is required because the trial court's stated belief that it had no discretion to impose a sentence lower than the stipulated 12 years in prison was erroneous. (See, e.g., *People v. Jones* (2007) 157 Cal.App.4th 1373, 1383 [69 Cal.Rptr.3d 262] [a defendant is "entitled to a sentencing decision made in the exercise of the 'informed discretion' of the court"].) As we conclude that the trial court's discretion to

---

[3] Blount emphasizes that Jeffcoat's "trial took place *after* the stipulated plea," but fails to acknowledge that Jeffcoat's trial occurred *before* Blount was sentenced on her plea. Citing the result in Jeffcoat's trial, the sentencing court gave Blount an opportunity to withdraw her plea, which would have permitted her to renegotiate the plea in light of the verdict in Jeffcoat's trial. (It would also have exposed Blount to the risk of a higher sentence.) Blount declined.

impose a sentence both at the initial sentencing hearing and upon a recall of the sentence under section 1170 was defined by the terms of the plea, we disagree.

A " 'negotiated plea agreement is a form of contract' " and is consequently "interpreted according to general contract principles." (*People v. Segura* (2008) 44 Cal.4th 921, 930 [80 Cal.Rptr.3d 715, 188 P.3d 649] (*Segura*); see *People v. Shelton* (2006) 37 Cal.4th 759, 767 [37 Cal.Rptr.3d 354, 125 P.3d 290] (*Shelton*).) "Acceptance of the agreement binds the court and the parties to the agreement." (*Segura*, at p. 930.) "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." [Citation.]' " (*Segura*, at p. 931; see also § 1192.5 ["Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."].)

In the instant case, the 12-year stipulated term of the plea agreement is a clear and unequivocal expression of the parties' intent in entering the agreement. (*Shelton, supra*, 37 Cal.4th at p. 767 [" 'If contractual language is clear and explicit, it governs.' "].) The court accepted the terms of the plea agreement and was, therefore, bound to honor the terms of the agreement, including the stipulated sentence. (§ 1192.5 [stating that "the plea may specify the punishment . . ."].) As a consequence, while the trial court could have rejected the plea agreement entirely, it " ' "lack[ed] jurisdiction to alter the terms of a plea bargain" ' " to make it " ' "more favorable" ' " to Blount. (*Segura, supra*, 44 Cal.4th at p. 931.)

Thus, it is clear that at the original sentencing hearing, the trial court was required to sentence Blount to the stipulated term of 12 years.[4] Blount does not dispute this point, but raises the novel contention that the statutory procedure for recalling a sentence under section 1170 provides trial courts with the authority to override the terms of the negotiated plea bargain and

---

[4] As noted above, the trial court also provided Blount the option of withdrawing her plea, which she declined.

impose a different sentence than that agreed to by the parties. There is no authority for this proposition and we believe it is without merit.

■ Section 1170, subdivision (d) provides "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 [279 Cal.Rptr. 834, 807 P.2d 1063] (*Dix*).) The statute allows the court "within 120 days of the date of commitment" to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d).)

As the statutory text makes clear, section 1170 does not provide the trial court with any broader discretion to impose sentence than the court originally possessed at the initial sentencing. "[O]nce the sentence is recalled, for whatever lawful reason, the court's authority remains limited to 'resentenc[ing] the defendant in the same manner as if he or she had not previously been sentenced.' " (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1473 [82 Cal.Rptr.3d 32]; see *Dix, supra,* 53 Cal.3d at p. 456 [explaining that the sentencing power provided to the trial court under § 1170 "is as broad as that possessed by the court when the original sentence was pronounced"]; *People v. Johnson* (2004) 32 Cal.4th 260, 266 [8 Cal.Rptr.3d 761, 82 P.3d 1244] [recognizing that the " ' "as if" language indicates that the resentencing authority conferred by section 1170[, subdivision] (d) is as broad as that possessed by the court when the original sentence was pronounced' "].)

■ Thus, the fact that Blount invoked the trial court's authority to resentence her under section 1170 had no effect on the court's discretion to diverge from the stipulated sentence. Section 1170 merely provides the trial court with an opportunity to resentence a defendant *as if the defendant had not previously been sentenced* (although the sentence cannot be increased). It does not provide the trial court with any additional sentencing authority and certainly does not allow the court to alter the terms of a plea agreement agreed to by the parties and the trial court.

In a supplemental brief, Blount further clouds this straightforward analysis by contending that any plea agreement that limits the trial court's authority to recall a sentence under section 1170 violates the doctrine of separation of powers. As we have explained, however, the plea agreement did not infringe on any power possessed by the trial court under section 1170. Rather, under well-established legal principles, the parties' agreement (with the court's consent) established the parameters of a permissible sentence on the plea. (See § 1192.5 ["the plea may specify the punishment to the same extent . . . , and may specify the exercise by the court thereafter of other powers legally

available to it"; "[w]here the plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . the court may not proceed as to the plea other than as specified in the plea"].) These parameters remained in place both at the original sentencing hearing and, per section 1170 itself, on the motion to recall the sentence. The trial court (or the parties) could avoid those parameters only by rejecting the plea. (*Segura, supra,* 44 Cal.4th at p. 931.) As noted above, Blount repeatedly emphasized that she did not wish to reject the plea; instead, she wanted the court to enforce the terms of the plea she found favorable (e.g., the dismissal of the first degree murder charge) while disregarding the term she found unfavorable (the stipulated term). This is not permitted. (*Ibid.* [trial court " ' "lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant" ' "].)

Blount also contends that "once the trial [judge] recalled the sentence under section 1170, subdivision (d) and declared his intent to reduce appellant's sentence in view of the disparity between her sentence and that of the codefendant," a Fourteenth Amendment liberty interest was created, which could not be eliminated by "arbitrary deprivation by the prosecutor's veto." This argument suffers from numerous flaws, both legal and factual. For our purposes, it is sufficient to point out that the record does not reflect that the trial judge "declared his intent to reduce appellant's sentence." The trial court explicitly stated that the reason it held the hearing was *not* "because I was seriously entertaining changing her sentence."[5] Rather, the court explained, it was interested in hearing appellate counsel's argument that it had the authority to change the sentence. The court noted that if it concluded that it did have the authority claimed by Blount's counsel, "I'm going to listen to everybody and hear what everybody has to say about why I should change your sentence." Clearly these statements by the trial court did not create any constitutional liberty interest.

Further, even if the trial court had indicated a desire to reduce Blount's sentence, the suggestion that any subsequent reconsideration of that position would violate Blount's due process rights borders on the frivolous. One can imagine countless scenarios where trial courts take tentative positions favoring defendants only to determine (after hearing argument) that the position is erroneous. Blount's suggestion that every such statement by a trial court creates an inviolable constitutional liberty interest is unsupported by the authority Blount cites and is without merit.

---

[5] The trial court disputed Blount's portrayal of the *Jeffcoat* jury's verdict as a positive commentary on Blount's culpability. The trial court stated to Blount's counsel: "[O]bviously, you're an advocate and you're saying that she was less culpable than Mr. Jeffcoat, and I don't think the jurors saw it that way at all . . . . I think the way they voted was Mr. Jeffcoat was negligent and he should have interceded more, but that he was not the one that abused Kenvesia."

## DISPOSITION

Affirmed.

Benke, Acting P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 28, 2009, S175772.