Filed 6/28/16  P. v. Lopez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061511 |
| v. | (Super.Ct.No. FWV1303253) |
| LEONARDO LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed as modified.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Leonardo Lopez was charged by felony complaint with second degree robbery (Pen. Code,[1] § 211, count 1), extortion (§ 520, count 2), dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1), count 3), and street terrorism (§ 186.22, subd. (a), count 4). It was alleged that defendant committed the robbery in count 1 for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) It was also alleged that he served two prior prison terms. (§ 667.5, subd. (b).) Defendant entered a plea agreement and pled guilty to counts 1, 2, and 3, and he admitted the gang enhancement allegation (§ 186.22, subd. (b)(1)(C)), as well as the two prison priors. In exchange for the plea, the parties agreed that the court would dismiss the remaining count and allegations and sentence defendant to an eight-year prison term, as follows: five years on count 1, a consecutive one year on count 2, a concurrent two years on count 3, and two consecutive one-year terms for the prison priors. It was also agreed that the court would strike the term on the gang enhancement. (§ 186.22, subd. (b)(1)(C).) The court sentenced defendant on May 27, 2014, in accordance with the agreement, except that the court imposed and stayed the gang enhancement term, instead of striking it.

On appeal, defendant argues that the term on the gang enhancement must be stricken. The People concede, and we agree. In all other respects, the judgment is affirmed.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

ANALYSIS[2]

## The Matter Should Be Remanded for the Trial Court to Strike the Term on the Gang Enhancement

Defendant argues that the court erred in staying the gang enhancement term, instead of striking it. The People correctly concede.

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citation.] Acceptance of the agreement binds the court and the parties to the agreement." (*People v. Segura* (2008) 44 Cal.4th 921, 930.) "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree."'" (*Id*. at p. 931.)

In the instant case, the plea agreement clearly stated that the gang enhancement term would be stricken. The court accepted the terms of the plea agreement and was,

---

[2] We have not included a recitation of the facts since they are not relevant to the issue on appeal.

therefore, bound to honor the terms of the agreement. (*People v. Blount* (2009) 175 Cal.App.4th 992, 997.) Thus, it is clear that the court erred when it imposed but stayed the term on the gang enhancement term.

We note defendant's argument that the court imposed an unauthorized sentence when it stayed, rather than struck, the gang enhancement. He contends that the court was required to either impose the enhancement or strike it, under section 186.22, subdivision (g). That statute provides that "the court may strike the additional punishment for the enhancements provided in this section . . . where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition." (§ 186.22, subd. (g).) Defendant asserts that we should remand the matter for the trial court to strike the term on the gang enhancement and to state its reasons for doing so, pursuant to section 186.22, subdivision (g). However, the court should have struck the gang enhancement term in accordance with the terms of the plea agreement, not pursuant to any discretionary decision under section 186.22, subdivision (g). Thus, no statement of reasons under section 182.66, subdivision (g), is needed.

DISPOSITION

The superior court is directed to strike the prison term on the section 186.22, subdivision (b)(1)(C) gang enhancement, in accordance with the terms of the plea agreement. The court is further directed to amend the abstract of judgment to reflect this

modification and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment, as modified, is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

SLOUGH

J.