Filed 7/12/16  P. v. Farrington CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAMES DOUGLAS FARRINGTON,<br><br>        Defendant and Appellant. | C078265<br><br>(Super. Ct. No. 14F3172) |

Defendant James Douglas Farrington filed a notice of appeal from the trial court's denial of his request to recall his sentence.  Defendant contends (1) the appeal is properly before this court and (2) the trial court erred in denying his request to recall his sentence. We conclude the appeal is properly before us as an appeal from an order after judgment affecting defendant's substantial rights.  On the merits, we conclude the trial court was correct in denying defendant's request to recall his sentence.  Defendant did not seek to recall his original sentence for purposes of resentencing, but sought to recall his sentence to file a motion to withdraw his plea.  Accordingly, we affirm the judgment.

1

### *Summary of Facts*

On May 26, 2014, officers responded to a disturbance caused by defendant James Douglas Farrington who reportedly was armed with a shotgun. The victim (Tammie Genetiano) reported defendant had kicked in the front security door of her home and threatened to kill everyone in the house. Defendant refused to leave. The victim's husband pushed defendant out of the house and disarmed him of a knife. The victim reported she feared for her life and those of her family members.

An information charged defendant with first degree burglary (Pen. Code, § 459;[1] count 1), criminal threats to Tammie Genetiano (§ 422; count 2), and two counts of trespass by threat (§ 601, subd. (a); counts 3 and 4). It was further alleged defendant had three strike priors (§ 1170.12) and a prior serious felony conviction (§ 667, subd. (a)(1)).

On July 25, 2014, defendant entered a negotiated plea of no contest to criminal threats (count 2), admitted a prior strike (2000 second degree robbery), waived referral to the probation department for a report, and agreed to immediate sentencing, in exchange for dismissal of the remaining counts and allegations and a stipulated sentence of six years (the upper term of three years for the offense, doubled for the prior strike). The prosecutor stated the People would dismiss the additional enhancements because of "problems of proof on two of the charges that arose after further investigation with the victims in this case," provided defendant entered his plea and was sentenced that day. In entering his plea, defendant agreed to "waive and give up [his] right to appeal the denial of any and all motions made in this case" and to "waive and give up [his] right to appeal from the stipulated sentence [he] will receive in this case." The trial court granted the

---

[1] Undesignated statutory references are to the Penal Code.

People's motion to dismiss the remaining counts and allegations and immediately sentenced defendant in accordance with the plea.**2**

On August 5, 2014, defense counsel requested a copy of the plea and sentencing transcript, stating defendant had contacted defense counsel and indicated a desire to withdraw his plea. Defense counsel needed the plea/sentencing transcript "to determine whether there [was] any way to go forward," and to review with defendant to "see whether there [were] grounds for going forward." The trial court noted defendant had already been sentenced and was unsure if defendant could withdraw his plea but nevertheless set a hearing for August 26, 2014.

On August 26, 2014, the parties agreed to continue any hearing on a motion to withdraw the plea to September 22, 2014.

On September 2, 2014, a hearing to dismiss appointed counsel was held pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The trial court denied defendant's *Marsden* motion. On September 22, 2014, defense counsel indicated he planned to investigate whether there were grounds for withdrawing defendant's plea. The trial court noted defendant had already been sentenced and had filed a writ that had been summarily denied. The court also noted there were no pending noticed motions and dropped the matter from the calendar.

On October 5, 2014, defendant, acting in propria persona, requested that the trial court recall the sentence for defendant to file a motion to withdraw his plea, citing section 1170, subdivision (d). He wanted to proceed to trial, attaching what defendant claimed to be a letter from the victim (defendant's sister) addressed, "To whom it may concern."

---

**2** The parties claim the abstract of judgment reflects defendant was sentenced to serve an upper term of six years rather than three years, doubled for the strike prior. The abstract requires no correction in that it correctly reflects the court imposed the upper term doubled for the strike prior (a box was checked for this purpose) or six years.

She explained the circumstances underlying the offense and stated she had lied about defendant having a gun so that the police would hurry to the scene. Defendant claimed it was newly discovered evidence that undermined the prosecution's case and he was not guilty of criminal threats.

On November 4, 2014, the trial court denied defendant's request to recall the sentence, noting defendant's sentence was stipulated pursuant to a negotiated plea agreement.

Defendant, acting in propria persona, sent a notice of appeal to this court that was forwarded to the superior court. Defendant indicated he was appealing from the sentence or other matters after the plea that did not affect its validity. We deemed the notice to have been timely filed.

DISCUSSION

On appeal, defendant contends the trial court erred in denying his request to recall the sentence for the purpose of allowing him to present a motion to withdraw his plea. Defendant asserts his notice of appeal includes the denial of his request to recall the sentence. On the merits, defendant contends section 1170, subdivision (d), may be used as a vehicle to move to withdraw a plea when a plea and sentencing occurs during a single proceeding. He argues recalling the sentence is consistent with section 1018 that authorizes a motion to withdraw a plea.

The People agree defendant's appeal from the denial of his request to recall his sentence is properly before this court because the appeal is governed by section 1237, subdivision (b), as an appeal from an order made after judgment affecting defendant's substantial rights. On the merits, the People respond the trial court did not err in denying defendant's "so called request for resentencing [that] was in reality a request to vacate the judgment and to withdraw his plea." The People argue defendant's request was untimely,

4

his appeal should be dismissed, and his remedy "lies in collateral review by way of a writ of error coram nobis."

# I

## *Notice of Appeal*

Section 1237, subdivision (b), allows an appeal "[f]rom any order made after judgment affecting the substantial rights of a party." As an order after judgment affecting defendant's substantial rights, the denial of defendant's request to recall his sentence is appealable pursuant to section 1237, subdivision (b). (*People v. Loper* (2015) 60 Cal.4th 1155, 1165-1168.) Further, as an appeal from an order after judgment, no certification of probable cause was required. (*People v. Arriaga* (2014) 58 Cal.4th 950, 960.)

# II

## *Request to Recall Sentence*

We conclude the trial court properly denied defendant's request to recall his sentence. Section 1170, subdivision (d), was not designed to allow recall for the purpose of withdrawing a plea.

"Section 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.)[3] "[T]he trial court has jurisdiction for a period of 120 days

---

[3]     Section 1170, subdivision (d), provides:

"When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

5

to recall a defendant's sentence for reasons rationally related to lawful sentencing and to resentence a defendant as if he or she had not been sentenced previously. [Citations.]" (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923-924.) Here, defendant was not seeking to be resentenced on the offense to which he entered a negotiated plea agreement. Instead, defendant sought to recall his sentence to file a motion to withdraw his plea.

The statutory procedure for recalling a sentence under section 1170 "does not provide the trial court with any additional sentencing authority and certainly does not allow the court to alter the terms of a plea agreement agreed to by the parties and the trial court." (*People v. Blount* (2009) 175 Cal.App.4th 992, 998.) Defendant's sentence of the upper term of three years, doubled for the prior strike, was in accordance with the negotiated plea agreement that provided for the stipulated sentence. Section 1170 does not provide a remedy for defendant's stipulated sentence pursuant to a negotiated plea agreement.

Defendant relies upon *Dix, supra,* 53 Cal.3d 442 to support his position that the trial court had authority to recall the sentence under section 1170 for the limited purpose of allowing defendant to file a motion to withdraw his plea. Defendant's reliance is misplaced. In *Dix,* the defendant entered a guilty plea to assault with a firearm and admitted personally inflicting great bodily injury. The trial court imposed an aggregate state prison sentence of seven years. The trial court recalled the defendant's prison sentence within 120 days based on the defendant's postcommitment offer to testify in another case. *Dix* held that "section 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment. The court may thereafter consider such reason *in deciding upon a new sentence* [and] . . . impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence." (*Dix* at p. 463, fn. omitted, italics added.) *Dix* determined the defendant's

6

cooperation could be taken into account when the trial court imposed any new sentence. (*Ibid.*)

*Dix, supra,* 53 Cal.3d 442 involves the recall of an original sentence and imposition of a new sentence. Here, defendant does not seek resentencing. Instead, defendant seeks to recall the stipulated sentence to file a motion to withdraw his plea. Section 1170, subdivision (d), was not "designed to give a defendant an opportunity to withdraw a guilty plea." (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1476.)

Defendant argues recalling the sentence would be consistent with section 1018's requirement that a motion to withdraw the plea be presented before judgment. Section 1018 provides in pertinent part: "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." Because defendant was sentenced on the same day as the plea, he was foreclosed from presenting a motion to withdraw his plea. Defendant asserts that allowing his sentence to be recalled under section 1170 would "cure this timing problem." This argument has no merit. Section 1170, subdivision (d), is limited to sentencing and does not provide a procedure by which a defendant may withdraw a negotiated plea and proceed to trial. By its express terms, section 1170, subdivision (d), does not apply to defendant's situation.

We conclude the trial court did not err in denying defendant's request for recall of his sentence.[4]

---

[4] Whether defendant may have some other remedy is not before us and we do not express any opinion on the availability of other remedies.

DISPOSITION

The order is affirmed.

/s/
HOCH, J.

We concur:

/s/
RAYE, P. J.

/s/
RENNER, J.