Filed 7/7/22  P. v. Craft CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>ALANZO ALLEN CRAFT,<br><br>    Defendant and Appellant. | A158608<br><br>(Alameda County<br>Super. Ct. No. 18-CR-016752) |

After pleading no contest to charges arising out of the forcible rape of two victims in exchange for a 17-year sentence, defendant Alanzo Allen Craft moved unsuccessfully to withdraw his plea. He contends the trial court abused its discretion by failing to consider his claim that he was coerced into taking the plea by his attorney. In supplemental briefing he also contends that his sentence must be vacated and the matter remanded for resentencing under ameliorative changes made to Penal Code[1] section 1170 effective January 1, 2022, under Senate Bill No. 567. We find no prejudicial error with regard to the denial of defendant's motion to withdraw his plea but agree that he is entitled to a limited remand, as set forth in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), for the opportunity to seek relief under Senate Bill No. 567.

_____

[1] All further statutory references are to the Penal Code.

1

## Background

Defendant was charged by an amended information with two counts of forcible rape (§ 261, subd. (a)(2)) and one count of forcible oral copulation (§ 288a, subd. (c)(2)(A)) against one victim, and with an additional count of forcible rape involving a second victim. The amended information also alleged various enhancements including that defendant inflicted great bodily injury (§§ 12022.53, subd. (d), 12022.7, 12022.8) during the commission of the rapes.

Defendant pled no contest to two counts of rape and admitted the great-bodily-injury enhancement on one of the counts in exchange for dismissal of the remaining charges and allegations and a stipulated sentence of 17 years, which was significantly lower than the life term he could have received if convicted of all charges after a trial.

Before sentencing, defendant made an oral motion to withdraw his plea and requested a new attorney. He claimed that he had been "forced to sign [the] deal" and that his attorney had not talked to him about "how to fight the case." Defendant explained further that one of the victims had "committed perjury, and nobody is trying to address the fact that she committed perjury." The matter was referred to a different courtroom for a *Marsden*[2] hearing.

At the *Marsden* hearing, defendant reiterated that he had wanted to go to trial but his attorney forced him to take the plea. He claimed that she used both his family and other staff from her office to pressure him to take the plea. Defense counsel explained that "from the very beginning of the case" defendant was opposed to taking a plea deal but that she was convinced that "the risk of going to trial was not worth it." Defense counsel acknowledged that she discussed the matter with her supervisor, who concurred in her

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

recommendation and who tried unsuccessfully to encourage defendant to take the plea. She also, with defendant's permission, spoke to defendant's father, who agreed that his son should take the prosecutor's offer and who, ultimately, convinced his son to take the deal. Thereafter, defense counsel spoke with defendant several more times about the terms of the plea. The court denied the *Marsden* motion and returned the matter to the original courtroom for sentencing.

Before imposing sentence, the court confirmed that defendant still wanted to withdraw his plea. The court asked, "Are you making that request based on the same reasons you were asking for a different lawyer or is there something additional?" Defendant responded, "Just for the fact, that they committed — 2018 Jane Doe committed perjury, and I'm still being illegally charged with it." The court summarily denied the motion finding that defendant entered the plea knowingly, voluntarily and intelligently, and that "there are no legal grounds for granting the oral request to withdraw the plea."

Defendant was sentenced according to the negotiated plea to an aggregate term of 17 years. Defendant timely filed a notice of appeal and obtained a certificate of probable cause.

**Discussion**

1. *Motion to Withdraw Plea*

"On application of the defendant at any time before judgment . . . the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) This statute "shall be liberally construed . . . to promote justice." (*Ibid*.) Good cause for the withdrawal of a guilty plea is any mistake, ignorance, or other factor overcoming the exercise of free judgment. (*People v. Breslin* (2012) 205

3

Cal.App.4th 1409, 1416.) "Other factors overcoming defendant's free judgment include inadvertence, fraud or duress." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) "The burden is on the defendant to present clear and convincing evidence the ends of justice would be served by permitting a change of plea to not guilty." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496; accord *Breslin*, at pp. 1415–1416.)

"Postplea apprehension (buyer's remorse) regarding the anticipated sentence, even if it occurs well before sentencing, is not sufficient to compel the exercise of judicial discretion to permit withdrawal of the plea of guilty." (*People v. Knight* (1987) 194 Cal.App.3d 337, 344; see also *People v. Archer* (2014) 230 Cal.App.4th 693, 702 ["The defendant may not withdraw a plea because the defendant has changed his or her mind."].)

In addition, pleas resulting from a bargain " ' "should not be set aside lightly and finality of proceedings should be encouraged." ' " (*People v. Archer*, *supra*, 230 Cal.App.4th at p. 702.) The withdrawal of a guilty or no contest plea is subject to the trial court's discretion and " 'is final unless the defendant can show a clear abuse of that discretion.' " (*Ibid*.) A reviewing court must adopt a trial court's factual findings if supported by substantial evidence. (*Ibid*.)

Defendant does not challenge the court's implied finding that his allegation regarding the victim's purported perjury was not sufficient to support his motion to withdraw his plea. Defendant was aware of the alleged perjury at the time he entered his plea. Thus, he cannot show that his plea was a product of any factual mistake or ignorance.

Defendant contends, however, that the trial court failed to consider his additional allegation that he was coerced by his attorney to take the plea. He argues that because the sentencing judge did not hear the *Marsden* motion,

4

he could not have considered whether this allegation was factually supported and sufficient to establish good cause.

Initially, we disagree with defendant's suggestion that the court failed to consider his claim that he was coerced into to taking the plea. At the time the court ruled on the motion to withdraw, it was fully aware that defendant felt his attorney had forced him to take the plea. Defendant was given an opportunity to expand on his claim but commented only on the alleged perjury. In any event, as defendant acknowledges, the only information not before the court at the time of its decision were the additional details regarding counsel's conversations with defendant's father and the impact on defendant of his father's views. Even assuming that the court was at fault for failing to elicit this additional information, any such error was not prejudicial.

Family pressure to accept a plea is generally not enough to constitute duress. (*People v. Huricks*, *supra,* 32 Cal.App.4th at p. 1208.) Here, the information revealed at the *Marsden* hearing established that after speaking to defense counsel, defendant's father encouraged defendant to take the plea. According to defendant, his father also told him that he would support defendant no matter what he decided to do. Given the overwhelming evidence of defendant's guilt,[3] the attorney's efforts to convince defendant to take the plea were no more than is to be expected from good counsel and were neither overbearing nor coercive.

---

[3] According to the summary of the crimes contained in the probation report, one victim identified defendant as the perpetrator of the crimes, and her identification was supported by surveillance video and DNA evidence. Defendant was arrested during the commission of the crimes against the other victim, and the officer's observations of the victim's physical injuries supported her claim.

*2. Resentencing under Senate Bill No. 567*

At the time of defendant's sentencing, section 1170, former subdivision (b), provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court," with the court to determine which term "best serves the interests of justice." (§ 1170, former subd. (b).) Under Senate Bill No. 567, section 1170 was amended to make the lower term the presumptive sentence for a term of imprisonment when certain conditions exist. (Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(6).) Specifically, newly added subdivision (b)(6) of section 1170 provides in relevant part: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

The parties agree that the Senate Bill No. 567 amendments apply retroactively to this case as "an ameliorative change in the law applicable to all nonfinal convictions on appeal." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039, citing *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.) They disagree, however, as to whether defendant is entitled to any relief.

Defendant contends that he is entitled to the benefit of the amendments based on evidence in the record that his childhood abuse and trauma were contributing factors to the commissions of this offenses. Acknowledging that his plea agreement included a stipulated prison term, he asserts that this court should order a limited remand in accordance with

*Stamps*, *supra*, 9 Cal.5th 685.[4] If the court on remand declines to exercise its discretion to withdraw approval of the plea bargain based on the changed legal standard, defendant acknowledges that will end the matter and his sentence will remain. If the court is inclined to exercise its discretion, defendant asserts, the prosecutor may agree to modify the bargain to reduce defendant's sentence or, if the prosecution does not so agree, the plea bargain may be rescinded. (*Stamps, supra*, 9 Cal.5th at p. 707.)

The Attorney General contends that defendant is not entitled to resentencing because his negotiated plea included a stipulated sentence of 17 years and the trial court sentenced him in accordance with the agreement. The Attorney General argues, "Given that circumstance, the trial court had no discretion to choose one of the three possible terms when sentencing appellant. And, given that the court lacked discretion to impose a different term, section 1170, subdivision (b)(6) does not apply." But as the Attorney General acknowledges, the court retained discretion to accept or reject the plea in its entirety. (*People v. Blount* (2009) 175 Cal.App.4th 992, 997 [When a stipulated sentence "is a clear and unequivocal expression of the parties' intent in entering the agreement," a trial court may only accept or reject the plea agreement entirely.].) For this reason, the remand procedure set forth in

_____

[4] In *Stamps, supra,* 9 Cal.5th at page 706, the court noted that a trial court " 'upon sentencing, has broad discretion to withdraw its prior approval of a negotiated plea.' " [Citation.] 'Generally, a trial court may exercise its discretion to withdraw approval of a plea bargain because: (1) it believes the agreement is "unfair" [citation]; (2) new facts have come to light; (3) the court has become more fully informed about the case; or (4) when, after further consideration, the court concludes that the agreement is " ' "not in the best interests of society" ' " [citation]."

*Stamps* is appropriate.[5] We express no opinion on the manner in which the trial court should exercise its discretion.

### Disposition

The judgment is vacated, and the matter is remanded for consideration of resentencing in accordance with the views expressed herein. In all other respects the judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

BROWN, J.
DESAUTELS, J.[*]

---

[5] The Attorney General's reliance on *People v. Brooks* (2020) 58 Cal.App.5th 1099 is misplaced. In *Brooks*, the court held that a defendant serving a stipulated sentence was not entitled to resentencing under section 1170.91. However, the scope of the court's authority to resentence a defendant under section 1170.91 is more circumscribed than the court's authority following the adoption of ameliorative legislation to resentence in a case that is not yet final. (See *Stamps, supra*, 9 Cal.5th at p. 708 ["The court's exercise of its new discretion to strike the serious felony enhancement, whether considered a new circumstance in the case or simply a reevaluation of the propriety of the bargain itself, would fall within the court's broad discretion to withdraw its prior approval of the plea agreement."]; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1008 [Section 1170.91 does not give the trial court authority to withdraw its approval of a plea agreement.].)

[*] Judge of the Superior Court of California, County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.