Filed 7/15/22  P. v. Tyler CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D078771 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD278227) |
| ERIC LEWIS TYLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed and remanded with directions.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman, and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Eric Lewis Tyler entered into a plea agreement under which he pleaded guilty to one count of arson (Pen. Code,[1] § 451 subd. (d)). Tyler also admitted one serious felony prior conviction (§ 667, subd. (a)(1)) and one strike prior (§ 667, subds. (b)-(i)). The plea agreement included a stipulated sentence of 11 years. The agreed sentence was comprised of the upper term of three years for arson, doubled by the strike prior plus five years for the serious felony prior. The remaining charges were to be dismissed.

The court sentenced Tyler to an 11-year term consistent with the plea agreement. The court also imposed various fines and fees. One of the fees was a $154 criminal justice administration fee under Government Code section 29550.1.

Tyler filed a timely notice of appeal and requested a certificate of probable cause. The request was denied.

In his opening brief, Tyler challenged the criminal justice administration fee (which has already been repealed) and argued the remaining charges should be dismissed pursuant to the plea agreement. The People responded essentially agreeing with Tyler.

While this case has been pending, the Legislature enacted Senate Bill No. 567 (Senate Bill 567), which amended section 1170 by making the middle term the presumptive term and restricted the trial court's discretion in selecting the upper term. Because the sentence in this case is based on the upper term for the offense, we ordered supplemental briefing on the effect of Senate Bill 567 on this appeal.

Tyler argues we should remand the case to reconsider the upper term sentence. We will decline to remand because this stipulated sentence was

---

[1] All further statutory references are to the Penal code unless otherwise specified.

2

part of a plea agreement. The trial court had discretion to accept or reject the agreement but did not have discretion to modify it. Thus, Senate Bill 567 does not provide relief for this case.

We will remand the case to allow the trial court to dismiss the remaining charges and vacate the criminal justice administration fee. In all other respects, we will affirm the judgment.[2]

DISCUSSION

A. Senate Bill 567

Senate Bill 567 became effective January 1, 2022. It placed limitations on the trial court's discretion to select an upper term sentence by adding section 1170, subdivision (b)(2). The parties agree the legislation applies retroactively to Tyler's case. (*In re Estrada* (1965) 63 Cal.2d 740.)

The People contend Senate Bill 567 does not aid Tyler. His sentence was not a result of the trial court's discretion in selecting the upper term. Instead, the sentence was the product of a plea agreement with a stipulated sentence, which the court could either accept or reject, but not modify. (*People v. Blount* (2009) 175 Cal.App.4th 992, 997; *People v. King* (2020) 52 Cal.App.5th 783, 789-791.)

The limitations on discretion in Senate Bill 567 are not directed to the trial court's discretion to accept or reject a plea agreement with a stipulated sentence, thus the modifications to sentencing discretion are not relevant to Tyler's agreed sentence.

B. Remaining contentions

Tyler first contends the $154 criminal justice administration fee the court imposed must be vacated due to a legislative change made since the

---

[2] The facts of the offense are not relevant to the issues raised on this appeal. We will omit a statement of facts.

sentencing.  The People agree the fee must be vacated in light of Assembly Bill No. 1869, which repealed this fee and found no uncollected balance can now be collected.

We agree with the parties that the appropriate remedy is to vacate any balance of the fee that remains unpaid as of July 1, 2021 and amend the judgment.

The final claim Tyler makes is that the remaining charges should be dismissed in accordance with the plea agreement. Once again, the People agree. We will accept the agreement and remand with directions.

DISPOSITION

The portion of the sentence that imposed a criminal justice administration fee of $154 that remains unpaid as of July 1, 2021 is vacated. The trial court is directed to dismiss any charges or allegations, which were not admitted as part of the plea agreement. The superior court is directed to amend the abstract of judgment to reflect the changes and forward the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



AARON, J.



DO, J.