Filed 8/27/24  P. v. Casio CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B330780 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA076492) |
| v. | |
| VINCENT ROBERT CASIO, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Reversed and remanded with directions.

Vincent Robert Casio, in pro. per.; and Ava R. Stralla, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Vincent Robert Casio (defendant) appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former 1170.95).[1] Defendant's appointed appellate counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant filed his own supplemental brief arguing that the trial court erred in failing to appoint counsel upon defendant's filing of a facially sufficient resentencing petition under section 1172.6, and that the court engaged in improper factfinding and weighing of the evidence at the prima facie stage.

On June 14, 2024, we issued an order observing that the "jury appears to have been instructed on the doctrine of natural and probable consequences," and directing the parties to brief "whether the portions of the prior record the court may consider at the prima facie [stage] establish, as a matter of law, that [defendant] acted with actual malice in the commission of the crimes of attempted murder, such that the denial of his petition without the appointment of counsel constituted harmless error."

In response to this court's order, counsel for defendant filed a letter brief arguing that the trial court's failure to appoint counsel constituted harmful error because the record of conviction leaves open the possibility that defendant was convicted of attempted murder under the natural and probable consequences doctrine.[2] The People filed no brief in response to

---

[1] All statutory references are to the Penal Code.

[2] We grant defendant's contemporaneously filed motion to augment the record with the jury instructions and verdict forms, as well as his request for judicial notice of *People v. Martinez* (Oct. 3, 2013, B242591) [nonpub. opn.]. (See *People v. Blount*

2

this court's order.  We agree that the trial court committed prejudicial error when it denied his petition without appointing counsel.  We therefore reverse and remand for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

**I.      Defendant's Trial and Conviction**

In 2010, the People charged defendant and Sean Martinez each with two counts murder (§ 187, subd. (a)), three counts attempted murder (§§ 187, subd. (a), 664), two counts false imprisonment (§ 236), and one count being a felon in possession of a firearm (§ 12021, subd. (a)(1)).  The People further alleged various enhancements and special circumstances.  Defendant and Martinez were tried together by jury but sentenced separately. (*People v. Casio* (March 12, 2013, B239547) [nonpub. opn.].)

In 2011, the jury convicted defendant of two counts first degree murder (§ 187, subd. (a)), three counts attempted murder (§§ 187, subd. (a), 664), and one count felon in possession (§ 12021, subd. (a)(1)).  As to the murder counts, the jury found true the multiple murder special circumstance (§ 190.2, subd. (a)(3)) and firearm enhancements (§ 12022.53, subds. (b) [personal use], (c) [personal and intentional discharge], (d) [personal and intentional discharge causing great bodily injury]), and that defendant was an active participant in a gang who carried out the murder in furtherance of gang activity (§ 190.2,

(2009) 175 Cal.App.4th 992, 995, fn. 2 [granting an unopposed request for judicial notice of the opinion in a codefendant's appeal].)  We note (as defendant did) that the opinion in Martinez's appeal is not part of defendant's record of conviction and cannot be relied upon in determining whether defendant has stated a prima facie case.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

3

subd. (a)(22)).  As to the other counts (attempted murder and felon in possession), the jury found true allegations that defendant committed the offenses in connection with a gang (§ 186.22, subd. (b)(1)).

The trial court sentenced defendant to 145 years to life in state prison, plus two life terms without the possibility of parole, plus four life terms with the possibility of parole, with defendant to serve at least 15 years each on those four life terms.

Defendant's judgment of conviction was affirmed on direct appeal.  (*People v. Casio, supra,* B239547.)

## II.    Proceedings Under Section 1172.6

On May 15, 2023, defendant filed a petition for resentencing under section 1172.6, checking the boxes on the form petition to allege his eligibility for relief and requesting that the trial court appoint counsel.

On May 23, 2023, without appointing counsel, entertaining briefing, or holding a hearing, the trial court issued a ruling stating that it had "reviewed the record of conviction in this matter, including minute orders, abstracts of judgment, verdict forms and jury instructions.  [Defendant] was the shooter in a gang motivated shooting that left two people dead.  A jury convicted [defendant] of two counts of first degree murder, four counts of willful, deliberate and premediated attempted murder and one count of felon with a firearm.  As to the murder counts, the jury found multiple special circumstances to be true.  *As to all murder and attempted murder counts, the jury found (1) that [defendant] personally and intentionally discharged a firearm and (2) that the crimes were committed for the benefit of a criminal street gang.  The jury was not instructed on felony murder or the doctrine of natural and probable consequences.*  [¶]

4

This court finds that [defendant] has failed to make a prima facie showing that he is entitled to relief under section 1172.6. The record of conviction clearly establishes that [he is] ineligible for relief as a matter of law. The [p]etition is summarily denied." (Italics added.)

## DISCUSSION

Defendant argues that the trial court prejudicially erred when it denied his facially sufficient petition without appointing counsel and that it engaged in improper factfinding and in weighing of the evidence at the prima facie stage.[3] We independently review the summary denial of his resentencing petition. (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238-1239 (*Beaudreaux*).)

## I. Section 1172.6

In 2018, our Legislature amended the definition of "murder" in our State to preclude a jury from "imput[ing]" the "malice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).) As amended, liability for murder is limited to persons (1) who are the actual killer, (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill), or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e); e.g., *People v. Johns* (2020) 50 Cal.App.5th 46, 58-59.)

---

[3] We limit our review to the issues raised in defendant's supplemental brief. (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

Section 1172.6 is the procedural vehicle by which persons convicted of murder in now-final judgments can seek to vacate convictions that do not satisfy the new definition of "murder." Where, as here, a defendant files a facially sufficient petition, the trial court "must (1) appoint counsel for the petitioner if requested, (2) allow the People to file a response to the petition and allow the petitioner to file a reply, and (3) determine whether the petitioner has made a prima facie case for eligibility or entitlement to relief." (*People v. Enyon* (2021) 68 Cal.App.5th 967, 974, citing *People v. Lewis* (2021) 11 Cal.5th 952,. 960, 962-965 (*Lewis*).) If the record does not otherwise foreclose relief as a matter of law, the trial court must issue an order to show cause and convene an evidentiary hearing. (§ 1172.6, subd. (c).) At the hearing, the People have the burden of proving to the trial court, as an independent factfinder, that defendant is guilty of murder under a still-valid theory. (§ 1172.6, subd. (d)(3).) The parties have the option of introducing "new or additional" evidence, or they may choose to rely on the record of the prior proceedings. (*Ibid.*)

## II. The Trial Court's Error in Failing to Appoint Counsel Was Not Harmless

We agree that the trial court erred in failing to appoint counsel or receive briefing before determining whether defendant had made a prima facie showing. (*Lewis, supra,* 11 Cal.5th at p. 970.) Applying the test for prejudice under *People v. Watson* (1956) 46 Cal.2d 818 (*Lewis*, at p. 973; *Beaudreaux, supra,* 100 Cal.App.5th at p. 1239), we conclude that this error was not harmless because " ' "it is reasonably probable that if [he] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing." ' "

6

(*Lewis*, at p. 974, quoting *People v. Daniel* (2020) 57 Cal.App.5th 666, 676.)

The jury instructions include a natural and probable consequences instruction that applies to the murder and attempted murder counts in the information, which appears to contradict the trial court's assertion that the jury did not receive such an instruction. We conclude that had the trial court followed the statutory procedure of appointing counsel and receiving briefing, there was a reasonable probability it would find defendant made a prima facie case for relief.

## DISPOSITION

The trial court's order summarily denying defendant's petition is reversed and the matter is remanded with directions to appoint counsel for defendant and thereafter proceed as required by section 1172.6, subdivisions (c) and (d).

DAVIS, J.*

WE CONCUR:

BAKER, Acting P. J.

KIM, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.