Filed 1/11/23  P. v. Vance CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

CALVIN RAY VANCE,

    Defendant and Appellant.

E077132

(Super. Ct. No. FSB1100293)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed in part, reversed in part with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland , Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

In 2011, defendant and appellant Calvin Vance (Defendant) and co-defendant Dewayne Maurice Riley[1] were convicted by a jury of numerous crimes committed in connection with the robbery of a fast food restaurant. As the driver of the getaway car, Defendant aided and abetted commission of the robbery. He was most recently resentenced to 142 years eight months to life in prison.

Defendant contends his gang crime conviction (count 14) and gang enhancements (attached to counts 1-10) (Pen. Code, § 186.22, subds. (a), (b))[2] must be vacated and the matter remanded under Assembly Bill No. 333 (Stats. 2021, ch. 699, § 3, eff. Jan. 1, 2022) (A.B. 333). In addition, Defendant argues in supplemental briefing that under section 1109, added by A.B. 333 (Stats. 2021, ch. 699, § 5, eff. Jan. 1, 2022), he is entitled to a new trial bifurcating his gang crime charge and gang enhancements from the other charges and allegations.

Defendant also asserts that this case should be remanded under Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1, eff. Jan. 1, 2022 (A.B. 518)), to allow the trial court to exercise its discretion in determining whether to stay Defendant's robbery convictions (counts 2-5) or instead stay his kidnapping for robbery convictions (counts 7-10). Defendant further argues that his sentence should be vacated and the matter remanded for

---

[1] Riley is not a party to this appeal.

[2] Unless otherwise noted, all statutory references are to the Penal Code.

resentencing because the court prejudicially erred in conducting the resentencing hearing in his absence. Defendant also asserts that during resentencing, the trial court erred in failing to recalculate custody credits.

We agree this case should be remanded under A.B. 518, to allow the trial court to exercise its discretion as to whether to stay the robbery convictions (counts 2-5) or instead stay the kidnapping for robbery convictions (counts 7-10). We also conclude that A.B. 333's modification of section 186.22 applies retroactively to this case and therefore Defendant's gang crime conviction and gang enhancements must be vacated and the matter remanded under A.B. 333. We further conclude that, even though section 1109, added by A.B. 333, entitled Defendant to bifurcate trial of his gang charge and gang enhancements from trial of the remainder of the charges and allegations, nonbifurcation did not constitute prejudicial error.

Because we must reverse and remand for resentencing under A.B. 333 and A.B. 518, we need not decide Defendant's remaining objection to the trial court conducting resentencing in his absence nor address his request to recalculate custody credits.

Accordingly, the judgment is reversed and remanded as to defendant's sentence and as to Defendant's gang crime conviction (count 14) and gang enhancements. The judgment is affirmed in all other respects.

II.

FACTS

This is Defendant's third appeal. In Defendant's first appeal (*People v. Vance* (Oct. 29, 2013, E054460 [nonpub. opn.]).), we provided a statement of facts, which we will not repeat here because most of the facts are not germane to this appeal. The following is a brief summary of the facts taken from Defendant's second appeal (*People v. Vance* (Jan. 16, 2020, E071074 [nonpub. opn.]).). (Evid. Code, §§ 452, 459.)

"About 9:00 p.m. on January 18, 2011, Riley entered a Jack in the Box restaurant. Five employees were present. Riley demanded money and ordered the employees to enter the manager's office. The manager gave Riley about $17 from a safe in the office. The manager then told another employee to give Riley money from a cash register at the front counter. Riley received a total of about $169. He then ran out of the restaurant and entered a nearby car, driven by defendant.

"Law enforcement pursued defendant in a high speed chase, which ended when defendant's vehicle spun out of control, struck a truck, and veered into a pole. Defendant and Riley fled from the vehicle and were apprehended shortly thereafter. A loaded gun was found in the vehicle. At trial, a gang expert testified that defendant and Riley were active members of a criminal street gang. The gang expert further testified that the crimes were committed for the benefit of defendant's gang.

"During the trial, the prosecution presented evidence that defendant was involved in a similar robbery on January 8, 2011, 10 days before the Jack in the Box robbery. The same car, owned by defendant's mother, was used in both robberies."

III.

PROCEDURAL BACKGROUND

On April 25, 2011, the jury found Defendant guilty of kidnapping for robbery (§ 209, subd. (b)(1); counts 1-5); robbery (§ 211; counts 6-10); evading a peace officer (Veh. Code, § 2800.2 (a); count 11); felon in possession of a firearm (former §12021, subd. (a)(1); count 13); and active participation in a gang (§ 186.22, subd. (a); count 14). The jury also found true allegations as to counts 1 through 10 that a principal personally used a handgun (§ 12022.53, subd. (b), (e)(1)), and that the crime was committed for the benefit of and in association with a gang (§ 186.22, subd. (b)). During a bifurcated trial, the court found true that Defendant suffered a prior strike conviction (§§ 1170.12, subd. (a)-(d), 667, subd. (b)-(i)), a serious felony conviction (§ 667, subd. (a)), and four prison prior convictions (§ 667.5).

At sentencing in 2011, the court imposed an aggregate term of 207 years 4 months, consisting of an indeterminate term of 190 years to life and a determinate term of 17 years 4 months.

In 2013, this court affirmed the judgment, but reversed the conviction on count 1 (kidnapping for robbery) and directed the trial court to stay the sentence on count 6 (robbery).

5

In 2015, the federal court granted defendant's petition for a writ of habeas corpus in part, directing reversal of Defendant's conviction for felon in possession of a firearm (count 13), and directing the trial court to resentence Defendant.

In 2017, the trial court amended the abstract of judgment in accordance with our 2013 opinion in case no. E054460. The trial court dismissed count 1 (kidnapping for robbery), deleted the conviction from the abstract, and imposed the previously stayed sentence on count 6 (robbery).

The trial court resentenced Defendant in 2018, to 182 years and eight months to life. Defendant again appealed, leading to this court issuing a decision on January 16, 2020 (E071074), remanding the matter again for resentencing under Senate Bill No. 136 (2018-2019 Reg. Sess.) (SB 136) and Senate Bill No. 1393 (2017-2018 Reg. Sess.) (SB 1393).

Upon remand, the court resentenced Defendant. On September 24, 2020, the trial court dismissed Defendant's serious felony enhancements under SB 1393, struck his prison priors under SB 136, and imposed an aggregate prison term of 142 years and eight months-to-life.

On May 26, 2021, Defendant filed a notice of appeal of the September 24, 2020, resentencing order, after this court granted permission to file a constructive notice of appeal.

6

IV.

A.B. 518

Defendant contends that under A.B. 518, this case should be remanded to allow the trial court to exercise its discretion to stay punishment on the kidnapping for robbery convictions (counts 2-5) or, alternatively, the robbery convictions (counts 7-10). The People agree that Defendant is entitled to the benefit of the recent legislation and therefore remand is required.

At the time of sentencing on August 19, 2011, the trial court was required under section 654 to impose punishment under the provision that provides for the longest potential term of imprisonment when staying punishment for convictions based on the same act or omission. (§ 654; *People v. Sok* (2010) 181 Cal.App.4th 88, 100.)

In October 2021, A.B. 518 was enacted and became effective on January 1, 2022. A.B. 518 provides the sentencing court with discretion to choose any term stayed under section 654, thereby no longer requiring selection of the longest term. (§ 654, subd. (a); see Sen. Rules Committee, 3d reading analysis of A.B. 518 (2021-2022 Reg. Sess.) Aug. 18, 2021, pp. 1-2.)

As amended by A.B. 518, section 654 now provides that the trial court may impose and execute sentence on either of the kidnapping for robbery or robbery convictions, and not solely on the statute with the greater punishment. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673 (*Sek*).) Because Defendant's sentence was not final on January 1, 2022, when A.B. 518 took effect, he is entitled to its ameliorative effect.

7

(*Ibid.*; see *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).)  Therefore Defendant's case must be remanded so that the trial court can exercise its discretion under section 654 regarding Defendant's kidnapping for robbery convictions (counts 2-5) and robbery convictions (counts 7-10).

V.

A.B. 333

Defendant contends this court should remand this case under A.B. 333 for retrial and resentencing on count 14 (gang street terrorism, § 186.22, subd. (a)) and the gang enhancements (§ 186.22, subd. (b)).  We agree.

A.  *A.B. 333 Amendments to Section 186.22*

After Defendant was tried and convicted in 2011 of a gang crime (count 14) and gang enhancements under former section 186.22, in 2021, the Legislature passed A.B. 333, which became effective on January 1, 2022.  A.B. 333 modified the law on gang charges and enhancements:  "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.'  (§ 186.22, subd. (f), italics added.)  Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' [A.B.] 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang.  (§ 186.22, subd. (f), italics added.)  Third, [A.B.] 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a

8

pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, [A.B.] 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' (§ 186.22, subd. (g).)" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).)

B. *Retroactive Application of A.B. 333*

The parties agree that generally A.B. 333's amendments to section 186.22 apply retroactively because they are ameliorative. They redefine favorably conduct punishable under section 186.22. (*Tran*, *supra*, 13 Cal.5th at pp. 1206-1207; *Sek*, *supra*, 74 Cal.App.5th at p. 673; see *Estrada*, *supra*, 63 Cal.2d at p. 745.)

The California Supreme Court explains in *Tran* that "*Estrada* 'stand[s] for the proposition that (i) in the absence of a contrary indication of legislative intent, (ii) legislation that ameliorates punishment (iii) applies to all cases that are not yet final as of the legislation's effective date.' [Citation.] *Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.' [Citation.]" (*Tran*, *supra*, 13 Cal.5th at pp. 1206-1207.)

Applying *Estrada* to A.B. 333, the court in *Tran* further states that "'[A.B.] 333 essentially adds new elements to the substantive offense and enhancements in section

9

186.22 — for example, by requiring proof that gang members 'collectively engage' in a pattern of criminal gang activity, that the predicate offenses were committed by gang members, that the predicate offenses benefitted the gang, and that the predicate and underlying offenses provided more than a reputational benefit to the gang . . . .' [Citations.]  These changes have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants like Tran.  [Citation.]" (*Tran*, *supra*, 13 Cal.5th at p. 1207.)

The court in *Tran* concludes that the A.B. 333 amendments to section 186.22 applied retroactively to the *Tran* defendant's gang enhancement because, "When a substantive change occurs in the elements of an offense and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and reversal is required unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the error.  (*People v. Flood* (1998) 18 Cal.4th 470, 504, 76 Cal.Rptr.2d 180, 957 P.2d 869.)" (*Tran*, *supra*, 13 Cal.5th at p. 1207.)

Defendant argues that, because his sentence, imposed in 2011, was not final when the amendments to section 186.22 went into effect on January 1, 2022, he is entitled to A.B. 333's ameliorative effect.  The People disagree, arguing that A.B. 333 does not apply retroactively here because judgment on Defendant's gang conviction (count 14) and gang enhancements is final, because the preceding appeal (E071974) only addressed sentencing objections and this court remanded the matter solely for resentencing, while

10

affirming the gang conviction (count 14) and gang enhancements.  The People argue that under such circumstances, at the time of enactment of A.B. 333, Defendant's convictions and enhancements were thus final and therefore cannot be challenged under A.B. 333 in the instant appeal.

In support of this proposition, the People cite case law holding that, "[f]ollowing appellate affirmance of a trial court judgment and issuance of a remittitur, 'the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court*.'"  (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337 (*Picklesimer*); see also *People v. Webb* (1986) 186 Cal.App.3d 401, 410 ["we specifically affirmed the judgment of conviction in the prior appeal and remanded only for resentencing. Defendant cannot now be permitted to make a direct attack upon his convictions."].)

Under the "full sentencing rule" stated in *People v. Buycks* (2018) 5 Cal.5th 857, 893, when a case is on remand for resentencing, the trial court has jurisdiction to modify any part of the sentence when part of a sentence is stricken on review, but the full resentencing rule does not allow the trial court to revisit anything other than the sentence. (See also, *People v. Valenzuela* (2019) 7 Cal.5th 415, 425, *People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1497; *People v. Blount* (2009) 175 Cal.App.4th 992, 998; *Picklesimer*, *supra*, 48 Cal.4th at p. 337.)  The People recognize that A.B. 333 is ameliorative and applies retroactively to judgments that are not final but urges this court to conclude that even though the judgment is not final as to Defendant's sentence, it is final as to Defendant's convictions and enhancements because they were affirmed in the most

11

recent appeal. The People have not provided any persuasive authority to support this proposition.

The People rely on *Picklesimer*, *supra*, 48 Cal.4th at page 337, in which the defendant was convicted of child sexual abuse. After he served time in prison and was released, he filed a motion in the long-since-final criminal case against him to be removed from the state sex offender registry. The defendant argued the trial court had jurisdiction to grant his motion because once the court of appeal issued its remittitur after affirming the original judgment, the trial court's jurisdiction over the case resumed. (*Ibid*.)

In agreeing that the trial court's jurisdiction after an appeal, remand, and remittitur is limited to carrying out the judgment as ordered by the appellate court, the *Picklesimer* court stated that the defendant's argument "speaks only to the allocation of jurisdiction between trial courts and Courts of Appeal and does not address the core issue—the actual scope of the trial court's postjudgment jurisdiction. Following appellate affirmance of a trial court judgment and issuance of a remittitur, 'the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.*'" (*Picklesimer*, *supra*, 48 Cal.4th at p. 337.)

*Picklesimer* is not on point. It concerns a postjudgment motion seeking relief unrelated to carrying out the judgment. The motion was brought long after the judgment was final as to the entire case and the court no longer had any jurisdiction over the case. Here, the judgment was not final when Defendant filed the instant appeal seeking to

12

reverse his gang conviction and gang enhancements based on new, ameliorative legislation (A.B. 333).

In discussing retroactive application of new legislation, the court in *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*), noted that the courts have indicated that any restrictions on the Legislature's power to intervene in judicial decision making "would attach at 'the conclusion of a criminal proceeding as a whole' — i.e., when '" the last word of the judicial department with regard to a particular case or controversy"' has issued.  [Citation.]" (*Id*. at pp. 160-161.)

In *Padilla*, the defendant's judgment became nonfinal when his sentence was vacated on habeas corpus and the case was returned to the trial court for resentencing.  The court in *Padilla* held that Proposition 57[3] applied retroactively under *Estrada* to the defendant's resentencing.  (*Padilla*, *supra*, 13 Cal.5th at p. 158.)

The court in *Padilla* rejected the Attorney General's argument that "applying Proposition 57 to defendants whose sentences are vacated would be inconsistent with 'principles that generally limit the scope of subsequent modification of a judgment after initial finality.'" (*Padilla*, *supra*, 13 Cal.5th at p. 169.)  The Attorney General argued, as the People argue in the instant case, that "vacatur of a defendant's sentence 'does not

---

[3] "In 2016, the voters of California enacted Proposition 57, a measure that amended the law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile court.  Adjudicating these offenses in juvenile court typically results in less severe punishment for the juvenile offender.  (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 306-307.)" (*Padilla*, *supra*, 13 Cal.5th at p. 158.)

13

allow a resentencing court to consider new claims or affect any part of the judgment other than the sentence.'" (*Id*. at p. 169.)

The court in *Padilla* rejected this argument by concluding that the right and remedy under Proposition 57 permitted the defendant to raise claims related to his sentence. (*Padilla*, *supra*, 13 Cal.5th at p. 169.) *Padilla* is not on point here because, unlike in the instant case, in *Padilla*, retroactive application of Proposition 57 would lead to a reduction of the defendant's sentence but *would not result in relitigation of guilt*. (*Id*. at p. 170.)

The People also cite *Sek*, *supra*, 74 Cal.App.5th 657, for the proposition that A.B. 333 does not apply here retroactively because A.B. 333 is not a sentencing bill. In *Sek*, as in the present case, there were a couple of appeals, the first of which challenged convictions and a jury finding. After the first appeal, the matter in *Sek* was remanded solely for resentencing. After the trial court in *Sek* resentenced the defendant, and while his appeal was pending, the Legislature enacted A.B. 333, which the *Sek* defendant argued applied retroactively to his case because the judgment was not final when A.B. 333 was enacted. The *Sek* court agreed. (*Id*. at p. 666 ["the retroactivity principle applies to ameliorative changes in enhancements as well as to substantive offenses [citation], and to changes in the law that merely allow for a possibility of reduced punishment"]; see also *Tapia*, *supra*, 53 Cal.3d at pp. 300-301 [Because the initiative redefined, to the benefit of defendants, conduct subject to criminal sanctions, the court held that it applied retroactively.].)

14

*Sek*, *supra*, 74 Cal.App.5th 657, which is analogous here, supports the proposition that Defendant's judgment is not final and therefore A.B. 333 applies retroactively, even though Defendant's previous appeal only resulted in remand for resentencing and affirmance of his convictions and enhancements.  Such was also the case as to the *Sek* defendant's gang enhancements.  Under such circumstances, the court in *Sek* held that A.B. 333 applied retroactively, resulting in reversal of the gang enhancements.  (*Id*. at pp. 663, 667; see also *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 822 ["Because the bill and its implementation are silent regarding retroactivity, it *does* apply to all nonfinal cases on appeal."].)  We thus conclude reversal and remand are required here, unless there was harmless error.

Defendant argues there was prejudicial error and therefore reversal is required because the jury was not instructed on the new gang crime and enhancement elements added by A.B. 333.  The People did not argue in their respondent's brief on appeal harmless error.  We conclude that reversal is required because such error was prejudicial.  Because A.B. 333 adds new elements to the substantive offense and enhancements in section 186.22, as discussed above, the prejudice standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*) applies.  (*Sek*, *supra*, 74 Cal.App.5th at p. 668; *People v. Delgado* (2022) 74 Cal.App.5th 1067, 1090.)  Under that standard, the absence of instruction on the amended version of section 186.22 requires reversal unless "it appears beyond a reasonable doubt that the error did not contribute to th[e] jury's

15

verdict." (*People v. Flood*, *supra*, 18 Cal.4th at p. 504; see also *People v. E.H.* (2022) 75 Cal.App.5th 467, 470.)

Here, the absence of instruction on the new elements of the gang crime charge and gang enhancements under A.B. 333 was inherently prejudicial. During the trial, gang expert Police Officer Bonshire testified regarding Defendant's three predicate offenses, which consisted of a 2009 grand theft committed by a single gang member; two 2009 armed robberies with a gang enhancement committed by an individual gang member; and two 2008 robberies committed by an individual gang member. Officer Bonshire further testified that committing the charged crimes outside the gang's territory enhanced the gang's reputation by evoking discussion by the gang community and community in general.

The People did not prove that these predicate offenses commonly benefitted Defendant's gang under section 186.22, as modified by A.B. 333. In addition, the evidence and argument focused on reputational benefit to the gang, which is also no longer permitted under amended section 186.22. The amendments to section 186.22 impose a new requirement that the predicate offenses "commonly benefited a criminal street gang, and the common benefit of the offense is more than reputational." (§ 186.22, subd. (e)(1); *People v. Rodriguez*, *supra*, 75 Cal.App.5th at pp. 822-823.) That benefit to the gang must be more than reputational, such as providing "financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant." (§ 186.22, subd. (g).)

16

A.B. 333 also modified the definition of "criminal street gang." The previous definition required that the gang's "members *individually* or collectively engage in, or have engaged in," the pattern of criminal gang activity. (Former § 186.22, subd. (f), italics added). Now, the word "individually" has been excised and the gang's members must "collectively" engage in, or have engaged in, the pattern of criminal gang activity. (§ 186.22, subd. (f).)

The record does not show evidence was presented at trial establishing all of the new required elements for proving the charged gang crime and gang enhancements, nor was the jury instructed as to the new elements required under A.B. 333. There was no instruction or showing that the members of the charged gang "collectively" engaged in a pattern of criminal activity or that the benefit to the gang from those crimes was more than reputational. Because the jury was not instructed as to the elements and findings required under A.B. 333, we conclude there was prejudicial error requiring reversal of the gang crime conviction (count 14) and gang enhancements. (*People v. E.H.*, *supra*, 75 Cal.App.5th at p. 479.)

Even assuming there was evidence of "benefits to the gang that went beyond reputational, we cannot rule out the possibility that the jury relied on reputational benefit to the gang as its basis for finding the enhancements true." (*Sek*, *supra*, 74 Cal.App.5th at p. 669.) Such error, including instructing the jury inconsistent with section 186.22 as amended, is thus not harmless under the *Chapman* standard. (*Ibid*.)

17

Accordingly, we reverse the gang crime conviction and true findings on Defendant's gang enhancements. The proper remedy is to remand to give the People an opportunity to retry the gang crime and gang enhancements under current law. (See *People v. Lopez* (2021) 73 Cal.App.5th 327, 346 [vacating gang enhancements in light of A.B. 333 and remanding for limited retrial]; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72, fn. 2 [remand appropriate to allow prosecution to establish additional element retroactively added by statutory amendment]; *People v. Rodriguez, supra*, 75 Cal.App.5th at pp. 823-824, fn. 19 [same]; *People v. E.H.*, *supra*, 75 Cal.App.5th at p. 481 [same]; *People v. Delgado*, *supra*, 74 Cal.App.5th at p. 1091 [same]; *People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1033 [same]; *Sek*, *supra*, 74 Cal.App.5th at p. 669 [same].)

"'Because we do not reverse based on the insufficiency of the evidence required to prove a violation of the statute as it read at the time of trial, the double jeopardy clause of the Constitution will not bar a retrial. [Citations.] "'Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence.' [Citation.]"'" (*Sek*, *supra*, 74 Cal.App.5th at pp. 669-670.)

C. *Application of Section 1109 under A.B. 333*

In supplemental briefing the parties address the issue of whether the judgment should be reversed based on A.B. 333's enactment of section 1109, which requires, if requested, a gang crime and or gang enhancement charged under section 186.22, subdivisions (a) and (b), "to be tried separately from all other counts that do not otherwise require gang evidence as an element of the crime." (*Tran*, *supra*, 13 Cal.5th at p. 1206.)

In the instant case, Defendant's gang charge (count 14) and gang enhancements (attached to counts 1-10) were tried before enactment of section 1109, and therefore were tried in the same jury trial as the other charges and enhancement allegations. Defendant argues section 1109 applies retroactively to his case, thereby requiring a retrial of all of the charges and allegations, with bifurcation of trial of the gang charge and gang enhancements. The People disagree section 1109 applies retroactively.

Our California Supreme Court in *Tran*, *supra*, 13 Cal.5th at p. 1208, acknowledged that "[t]he question of whether section 1109 applies retroactively is the subject of a split of authority among the Courts of Appeal," but declined to resolve this split. Instead, the court in *Tran* concluded that "any asserted error in failing to bifurcate was harmless as to Tran's guilty verdicts and penalty judgment." (*Tran*, *supra*, at p.1208.) We likewise need not decide whether section 1109 applies retroactively here because, regardless, there was no prejudicial error in not bifurcating under section 1109.

19

In determining whether there was harmless error, the *Tran* court concluded that the failure to bifurcate trial of the *Tran* defendant's gang enhancement from the other charges did not constitute structural error. (*Tran*, *supra*, 13 Cal.5th at p. 1209.) In addition, the *Tran* court rejected the *Tran* defendant's argument that "the *Chapman*[, *supra*,] 386 U.S. 18 standard for federal constitutional error should apply when reviewing his guilty verdicts. '[T]he admission of evidence, even if erroneous under state law, results in a due process violation only if it makes the trial *fundamentally unfair*.' [Citation.] Such prejudice did not occur in this case." (*Tran*, *supra*, at p. 1209.)

The *Tran* court reasoned that there was strong evidence of guilt without the gang evidence. (*Tran*, *supra*, 13 Cal.5th at p. 1208.) In addition, the gang evidence was relevant to showing guilt, which did not render the trial unfair. The prosecutor argued inconsistencies between the witnesses' trial testimony and their prior statements was attributable to the witnesses being gang members fearing retaliation. The prosecutor also relied on the gang circumstances to show why the *Tran* defendant's co-defendant should be found guilty as an aider and abettor. The *Tran* court concluded that, "[b]ecause the prosecutor's use of the gang evidence here did not render the trial 'fundamentally unfair,' the *Chapman* standard for federal constitutional error does not apply." (*Tran*, *supra*, at p. 1209; see also *People v. Partida* (2005) 37 Cal.4th 428, 439.) Instead, the *Tran* court applied the *Watson* standard and concluded the failure to bifurcate was harmless. (*Tran*, *supra*, at pp. 1208-1209; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Here, Defendant contends that the gang evidence cannot be deemed harmless under any standard of review, because the evidence that he aided and abetted the charged crimes of robbery and kidnapping for robbery (counts 1-10) was not overwhelming. In addition, Defendant asserts that the gang evidence, including evidence of his predicate crimes, gang related contacts, and tattoos of guns and the word "M-U-R-D-A," was highly prejudicial. Defendant argues that, had the gang crime charge and gang enhancements allegations been bifurcated under section 1109, the gang evidence would have been excluded because it constituted inadmissible, irrelevant, inflammatory evidence. Defendant further argues that "the jury likely relied on the evidence and arguments that [Defendant] was a gang member who was predisposed to violence, to infer that he had necessarily aided and abetted the crimes."

We conclude under *Tran* that, "[b]ecause the prosecutor's use of the gang evidence here did not render the trial 'fundamentally unfair,' the *Chapman* standard for federal constitutional error does not apply," and the lack of bifurcation was harmless. (*Tran*, *supra*, 13 Cal.5th at p. 1209.) There was strong evidence of Defendant's guilt apart from the gang evidence. (*Id*. at p. 1208.) Such evidence tied Defendant to the charged robberies and other charged crimes through the identification of the getaway vehicle used in the crimes, ownership of the vehicle by Defendant's mother, pursuit of Defendant in the getaway car, and apprehension of Defendant after he fled from the car. (*Id*. at p. 1209.) There was also evidence Defendant was the driver of the getaway car. In addition, as in *Tran*, the prosecutor relied on the gang evidence to strengthen a

21

showing of Defendant's guilt as an aider and abettor. Use of this gang evidence thus did not render the trial unfair. The gang circumstances were relevant to proving that Defendant collaborated with the co-defendant in committing the Jack in the Box robbery as an aider and abettor. (*Id*. at p. 1209.)

Applying the *Watson* standard of review, we conclude that, "[g]iven the overwhelming evidence of guilt and lack of any credible defense theory in response, it is not reasonably likely that a bifurcated trial would have changed the jury's verdict." (*Tran*, *supra*, 13 Cal.5th at p. 1210.) As in *Tran*, we therefore conclude that the amendments made to the gang charge and enhancement law by A.B. 333 require reversal of the gang crime conviction and gang enhancement, but not reversal of the other guilty verdicts and allegation findings. (*Id*. at p. 1211.)

## VI.

## RESENTENCING DEFENDANT IN HIS ABSENCE

Defendant argues that this court should remand the case with directions to hold a full resentencing hearing because the trial court resentenced Defendant in his absence, absent a valid waiver. Because we reverse the gang crime conviction and gang enhancement findings, we need not decide Defendant's objection to the trial court conducting his previous resentencing in his absence. We also need not address Defendant's custody credits objection because they will be recalculated upon remand of this case for resentencing under A.B. 333 and A.B. 518.

VII.

DISPOSITION

Defendant's gang crime conviction (count 14) and true findings on his gang enhancements are reversed based on retroactive application of section 186.22, as amended by A.B. 333. The case is remanded to provide the People an opportunity to retry the gang crime and gang enhancements under section 186.22, as amended. If the People elect not to do so, Defendant is to be resentenced in a manner consistent with this opinion.

We also reverse the sentence and remand this case under A.B. 518, to allow the trial court to exercise its discretion in determining whether to stay the robbery convictions (counts 2-5) or instead stay the kidnapping for robbery convictions (counts 7-10).

In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.

23